Debbie P. Kirkpatrick, Esq. (SBN 207112)
Sondra R. Levine, Esq. (SBN 254139)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste 150
San Diego, CA  92108
Tel:    619/758-1891
Fax:   619/296-2013
dpk@sessions-law.biz
slevine@sessions-law.biz

Attorneys for Defendant Phillips & Cohen Associates, Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANO B. BRESSANUTTI, IRENE BRESSANUTTI,<br><br>        Plaintiffs,<br><br>  vs.<br><br>ADVANTA BANK, PHILLIPS AND COHEN ASSOCIATES, LTD., DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants. | Case No.  10 CV 1922 MMA CAB<br><br>ANSWER OF DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD. TO PLAINTIFFS' COMPLAINT |

      Defendant Phillips & Cohen Associates, Ltd., erroneously sued as Phillips And Cohen Associates, Ltd, ("Defendant") appearing for itself and no others, hereby answers ("Answer") the Complaint ("Complaint") of Plaintiffs Franco B. Bressanutti and Irene Bressanutti, as follows:

/ / /

/ / /

**PARTIES AND JURISDICTION**

1. Defendant lacks sufficient information to answer the allegations contained in ¶ 1, and on that basis denies the same.

2. Defendant lacks sufficient information to answer the allegations contained in ¶ 2, and on that basis denies the same.

3. Defendant lacks sufficient information to answer the allegations contained in ¶ 3, and on that basis denies the same.

4. The allegations contained in ¶ 4 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

5. Defendant admits it is a New Jersey corporation doing business in the state of California. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 5.

6. Defendant lacks sufficient information to answer the allegations contained in ¶ 6, and on that basis denies the same.

7. Defendant admits Plaintiffs purport to designate the term "Defendants" to include various relationships between the parties, but denies the allegations and any and all legal import of the designation in ¶ 7.

8. Defendant admits that Plaintiffs purport to seek redress for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et*

*seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA) *Cal. Civ. Code* § 1788, *et seq.* Defendant denies any and all liability, wrongdoing, and damages to the extent alleged in ¶ 8. Except as expressly admitted, Defendant denies the remaining allegations in ¶ 8.

## GENERAL ALLEGATIONS

9. Defendant incorporates its responses to paragraphs 1 through 8 as though fully set forth herein.

10. The allegations contained in ¶ 10 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

11. Defendant admits its records indicate that an account identifying Plaintiffs as the account holder as cosigner was placed with it for collection and that Defendant undertook lawful efforts to collect on the account. Except as expressly admitted, Defendant denies the remaining allegations in ¶ 11.

12. The allegations contained in ¶ 12 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

13. Defendant lacks sufficient information to answer the allegations contained in ¶ 13, and on that basis denies the same.

///


14. The allegations contained in ¶ 14 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

15. The allegations contained in ¶ 15 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

16. The allegations contained in ¶ 16 of the Complaint are not directed towards this Defendant and do not require an affirmative response. To the extent that a response is required, the allegations are denied.

17. Defendant admits its records indicate that an account identifying Plaintiffs as the account holder as cosigner was placed with it for collection in August 2009. Except as expressly admitted, Defendant denies the remaining allegations in ¶ 17.

18. Defendant denies the allegations contained in ¶ 18.

19. Defendant denies the allegations contained in ¶ 19.

20. Defendant admits its records show a telephone call placed to the Plaintiff on or about December 21, 2009. Except as expressly admitted, Defendant lacks sufficient information to answer the remaining allegations contained in ¶ 20, and on that basis denies the same.

21. Defendant admits its records show a telephone call placed to the Plaintiff on or about December 22, 2009. Except as expressly admitted, Defendant lacks sufficient

information to answer the remaining allegations contained in ¶ 21, and on that basis denies the same.

22. Defendant denies the allegations contained in ¶ 22.

## FIRST CAUSE OF ACTION

(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)

23. Defendant incorporates its responses to paragraphs 1 through 22 as though fully set forth herein.

24. Defendant avers the allegation contained in ¶ 24 that Defendants are "debt collectors" as that term is defined by statute, and is a legal conclusion which does not require an admission or denial. Defendant refers all matters of law to the court. Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 24

25. Defendant avers the allegation contained in ¶ 25 that Plaintiffs are "consumers" as the term is defined by statute is a legal conclusion which does not require an admission or denial. Defendant refers all matters of law to the court. Except as expressly admitted, Defendant lacks sufficient information to answer the remaining allegations contained in ¶ 25, and on that basis denies the same.

26. Defendant denies the allegations contained in ¶ 26, and subparagraphs a through c, inclusive, to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering Defendant lacks

sufficient knowledge or information to answer the allegations contained in ¶ 26 of the Complaint and on that basis denies the same.

27.   Defendant denies the allegations contained in ¶ 27 to the extent they are directed at this answering Defendant.  To the extent the allegations are directed to another defendant, this answering Defendant lacks sufficient knowledge or information to answer the allegations contained in ¶ 27 of the Complaint and on that basis denies the same.

28.   Defendant denies the allegations contained in ¶ 28 to the extent they are directed at this answering Defendant.  To the extent the allegations are directed to another defendant, this answering Defendant lacks sufficient knowledge or information to answer the allegations contained in ¶ 28 of the Complaint and on that basis denies the same.

## SECOND CAUSE OF ACTION

(VIOLATIONS OF THE  ROSENTHAL FAIR DEBT COLLECTION

PRACTICES ACT)

29.   Defendant incorporates its responses to paragraphs 1 through 28 as though fully set forth herein.

30.   Defendant avers the allegation contained in ¶ 30 that Defendants are "debt collectors" as that term is defined by statute, and is a legal conclusion which does not require an admission or denial.  Defendant refers all matters of law to the court.  Except as expressly admitted, Defendant denies the remaining allegations contained in ¶ 30

31.     Defendant avers the allegation contained in ¶ 31 that Plaintiffs are "debtors" as the term is defined by statute is a legal conclusion which does not require an admission or denial.  Defendant refers all matters of law to the court. Except as expressly admitted, Defendant lacks sufficient information to answer the remaining allegations contained in ¶ 31, and on that basis denies the same.

32.     Defendant avers the allegation contained in ¶ 32 that Plaintiffs are "consumers" as the term is defined by statute is a legal conclusion which does not require an admission or denial.  Defendant refers all matters of law to the court. Except as expressly admitted, Defendant lacks sufficient information to answer the remaining allegations contained in ¶ 32, and on that basis denies the same.

33.     Defendant denies the allegations contained in ¶ 33, and subparagraphs a through g, inclusive, to the extent they are directed at this answering Defendant.  To the extent the allegations are directed to another defendant, this answering Defendant lacks sufficient knowledge or information to answer the allegations contained in ¶ 33 of the Complaint and on that basis denies the same.

In response to the paragraph beginning with WHEREFORE, Defendant admits that Plaintiffs purport to seek redress for alleged violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, and the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.* but denies violating the FDCPA and /or the RFDCPA and denies Plaintiffs are entitled to the requested relief.

/ / /

Defendant  Phillips & Cohen Associates, Ltd., erroneously sued as Phillips And Cohen Associates, Ltd.,'s

Answer to Plaintiffs' Complaint

7

## DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first affirmative defense, Defendant alleges that Plaintiffs' Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error: FDCPA)

As a second affirmative defense, Defendant alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error: RFDCPA)

As a third affirmative defense, Defendant alleges, pursuant to California *Civil Code* § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

///

///

Defendant Phillips & Cohen Associates, Ltd., erroneously sued as Phillips And Cohen Associates, Ltd.,'s

Answer to Plaintiffs' Complaint

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

As a fourth affirmative defense, Defendant alleges that Plaintiffs consented to and/or invited the conduct for which they seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

As a fifth affirmative defense, Defendant alleges that Plaintiffs knowingly and voluntarily waived their rights to obtain any or all of the relief sought in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

As a fifth affirmative defense, Defendant states that it currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available.  Defendant reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd. respectfully requests that:

1. Plaintiffs take nothing by way of this Complaint;

2. Judgment of dismissal be entered in favor of Defendant Phillips & Cohen Associates, Ltd.;

3.      Defendant Phillips & Cohen Associates, Ltd. be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4.      Defendant Phillips & Cohen Associates, Ltd. is granted such other and further relief as the Court deems just and proper.

Dated: 9/16/10                     SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

                                         */s/Sondra R. Levine*
                                         _____
                                         Sondra R. Levine
                                         Attorneys for Defendant Phillips & Cohen Associates, Ltd.

Defendant Phillips & Cohen Associates, Ltd., erroneously sued as Phillips And Cohen Associates, Ltd.,'s

Answer to Plaintiffs' Complaint