1 THE INIGUEZ LAW FIRM, P.C.
  MIGUEL A. INIGUEZ, SBN 228365
2 MIGUEL@INIGUEZLAW.COM
  11690 PACIFIC AVENUE, SUITE 110
3 FONTANA, CA 92337
  Telephone: (909) 581-7348
4 Facsimile: (909) 581-7534

5 THE SEIDEMAN LAW FIRM, P.C.
  GREGORY M. FITZGERALD, SBN 153082
6 GFITZGERALD@SEIDLAW.COM
  SHANNON M. BRODERICK, SBN 247993
7 SBRODERICK@SEIDLAW.COM
  WILLIAM J. CAMPBELL, SBN 248729
8 WCAMPBELL@SEIDLAW.COM
  11690 PACIFIC AVENUE, SUITE 110
9 FONTANA, CA 92337
  Telephone: (909) 581-7348
10 Facsimile: (909) 581-7534

11
   ATTORNEYS FOR PLAINTIFF: FRANCO B. BRESSANUTTI AND
12 IRENE BRESSANUTTI

13
                   **UNITED STATES DISTRICT COURT**
14
                   **CENTRAL DISTRICT OF CALIFORNIA**
15

16

17 FRANCO B. BRESSANUTTI,              ) Case No.: 10cv1922-MMA
                                        )
   IRENE BRESSANUTTI,                   ) **NOTICE OF MOTION FOR ORDER**
18                                      ) **REMANDING THE CASE TO**
                                        ) **STATE COURT AND FOR AN**
19                                      ) **ORDER FOR PAYMENT OF COSTS**
   PLAINTIFF,                           ) **AND ATTORNET FEES**
20      VS.                             )
                                        ) Date:  November 16, 2010
21                                      ) Time:  2:30p.m.
   ADVANTA BANK, PHILLIPS AND           ) Place: Courtroom 5
22 COHEN ASSOCIATES, LTD.,              ) Judge: Hon. Michael M. Anello
                                        )
23 DOES 1 THROUGH 100,                  )
                                        )
24 INCLUSIVE,                           )
                                        )
                    DEFENDANT           )
25                                      )
   _____)
26

27       I, WILLIAM JAMES CAMPBELL, declare:

28

                                  1

1. I am an attorney duly licensed to practice law before all courts of the State of California. I represent Ricardo G. Dagumo on behalf of The Iniguez Law Firm, P.C. in this matter. This declaration is submitted in support of Plaintiff's motion for order remanding this case to state court and for an order for payment of costs and attorneys fees.

The following facts are within my personal knowledge and, if called as a witness herein, I can and will competently testify thereto.

2. Plaintiffs are Franco B. Bressanutti and Irene Bressanutti; Defendants are Advanta Bank and Phillips and Cohen Associates, LTD.

3. On July 30, 2010 Plaintiff sued Defendants Advanta Bank and Phillips and Cohen Associates, LTD. for Violation of the California Rosenthal Fair Debt Collections Practices Act and the Federal Fair Debt Collections Practices Act.

4. The Lawsuit was originally filed in the Superior Court of California County of San Diego and was given case number 37-2010-00097041-CU-MC-CTL.

5. Defendant Phillips & Cohen Associates, LTD. was personally served on August 13, 2010. (See Exhibit "A" attached to this motion).

6. Defendant Advanta Bank was personally served on August 13, 2010. (See Exhibit "B" attached to the motion).

7. On September 13, 2010 Defendant Phillips and Cohen Associates, LTD. served the notice on Plaintiff's counsel. However, the notice was not filed with the court until September 14, 2010. (see Exhibit "B" attached to this motion).

8. In Defendant Phillips and Cohen Associates, LTD.'s notice of removal Defendant Phillips and Cohen Associates, LTD. stated "Defendant Phillips & Cohen Associates, LTD. is informed and believes that the service on Defendant Advanta Bank Corp. defective and the FDIC has not been served with the complaint in this matter."

9. Not only was Defendant Advanta Bank served by Plaintiff's counsel, I, spoke to Jennan Shemise, Esq. senior attorney for the FDIC legal Division on September 9, 2010. Jennan Shemise made contact with me because she had the complaint and wanted to discuss settlement.

10. The Notice of Removal is defective under 28 U.S.C. §1446 because one of the individually named Defendant, Advanta Bank has not joined in the removal.

11. The Notice of Removal is defective because Defendant Phillips and Cohen Associates, LTD. filed the Notice of Removal on Plaintiff 31 days after the original complaint was served on Defendant Phillips and Cohen Associates, LTD.

12.     The State of California has a vital state interest in both enforcing the Rosenthal Fair Debt Collections Practices Act and enforcing Contracts entered into in the State of California.

13.     The Federal Fair Debt Collections Practices Act itself recognizes the states interest by allowing each state to adopt its own Debt Collection Regulations. (See 15 U.S.C. §1692n).

14.     Removal would result in needless intervention by the federal courts and needless conflict with the State of California's administration of its own pervasive regulatory scheme for regulating debt collectors.

15.     The Court should remand this case back to the California Superior Court on the grounds that all the Defendants were not properly joined, the Notice of Removal was filed 31 days after Defendant Philips and Cohen Associates, LTD. was served the original complaint, and based on abstention principles.

16.     Plaintiffs further move the Court to order the payment to Plaintiff by the removing Defendants of all costs, including attorneys fees, incurred by reason of the removal proceeding.

17.     I have had to research law and draft this motion.  In all I have expended 3 hours in pursuit of this matter. Therefore, Plaintiff requests that Defendant, Phillips and Cohen Associates, LTD. be

4

ordered to pay monetary sanctions to The Iniguez Law Firm, P.C. in the sum of $600.00.

   I declare under penalty of perjury under the laws of the State of California and the United States of America that the forgoing is true and correct.

Dated: September 17, 2010       <u>s/ William J. Campbell</u>
                                        William J. Campbell